**PROSPECT ENERGY CORPORATION, Prospect Capital Management LLC, John F. Barry, M. Grier Eliasek, Walter Parker and Bart De Bie, Petitioners–Appellees,**

v.

**Michael ENMON, Respondent–Appellant.**

No. 07–1047–cv.

United States Court of Appeals, Second Circuit.

Aug. 20, 2008.

Maura Barry Grinalds (Jonathan J. Lerner, Timothy G. Nelson on the brief), Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y., for Petitioners–Appellees.

Gregory S. Coleman (Kurt B. Arnold, Jason A. Itkin, Caj. D. Boatright, Arnold & Itkin LLP, Houston, TX, and Marc S. Tabolsky, Yetter & Warden LLP, Austin, TX, on the brief), Yetter & Warden LLP, Austin, TX, for Respondent–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

## CORRECTED SUMMARY ORDER

In April 2006, Michael Enmon entered into an agreement with Prospect Capital Corp. ("Prospect") to negotiate a possible loan. This letter agreement contained an arbitration provision requiring Enmon to submit disputes to binding arbitration in New York City and provided that state or federal courts located in New York County would have exclusive jurisdiction of any claims or disputes arising under the letter agreement not subject to arbitration. Enmon subsequently filed suit against Prospect, Prospect Capital Management LLC, and certain officers (collectively "Appellees") in Texas state court. Prospect then brought suit in the Southern District of New York seeking to compel arbitration and to stay the state court proceeding in Texas. The District Court (Sand, *J.*) entered an order compelling arbitration and enjoined the Texas action. Enmon timely filed an appeal. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

On appeal, Enmon raises three main issues. He argues (1) that the parties never entered into a binding contract and so the arbitration clause cannot be binding, (2) that the arbitration clause in the letter agreement is unconscionable and therefore unenforceable, and (3) that the district court erred in finding that the arbitration clause was supported by consideration.

We affirm the judgment of the District Court regarding the existence of the contract itself for essentially the reasons stated in its ruling. With respect to the arbitration clause, Appellees conceded in their briefs that the arbitration clause bound them to arbitrate once the proceeding began and that the meaning of this arbitration clause was subject to interpretation by the arbitrator. In light of these concessions, we affirm without reaching the issue of the enforceability of the arbitration clause.

We have considered all of Enmon's claims, and we find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.